IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**STEPHANIE KRUEGER**,

    Plaintiff,

    v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**,

    Defendant.

No. 3:10-cv-01092-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Stephanie Krueger challenges the Commissioner's decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") disability benefits. This Court has jurisdiction under 42 U.S.C. § 405(g). For the reasons stated below I affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

    On January 11, 2008, Ms. Krueger filed for DIB and SSI under Titles II and XVI of the Social Security Act. AR 41.[1] These applications were denied initially and on reconsideration. AR 41. Ms. Krueger requested a hearing before an administrative law judge ("ALJ"), and Judge

---

[1] Citations to "AR" refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on January 25, 2011.

1

Mark Dawson held a video hearing on August 13, 2009. AR 41. Judge Dawson denied Ms. Krueger's claim on October 6, 2009. AR 48. The Appeals Council denied review on July 15, 2010, making the ALJ's decision the final decision of the Commissioner. AR 1. Ms. Krueger timely appealed this decision.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). At Step One the ALJ found that Ms. Krueger has not engaged in substantial gainful activity since the alleged onset date. AR 43. At Step Two the ALJ found that Ms. Krueger suffered from the following severe impairments: bilateral lower extremity scarring secondary to intravenous drug abuse and Hepatitis C seropositivity. AR 43. The ALJ also found that Ms. Krueger suffered from the non-severe impairment of "degenerative changes, lumbar spine." AR 43. Continuing to Step Three, the ALJ found that the combination of impairments does not meet or equal a disorder listed in the Commissioner's regulations. AR 44.

The ALJ next evaluated Ms. Krueger's residual functional capacity ("RFC"), finding that she could perform sedentary work, but can only occasionally perform postural requirements. AR 44. Based on this RFC, the ALJ found at Step Four that Ms. Krueger could not perform any past work. AR 46.

The ALJ continued to Step Five, relying upon testimony from the vocational expert to find that an individual with Ms. Krueger's age, education, work experience, and residual functional capacity could work in a significant number of other jobs, such as surveillance system

monitor and a charge account clerk, which exist in the national economy. AR 47. Based on the Step Four and Step Five findings, the ALJ denied benefits. AR 48.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. Finally, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

## DISCUSSION

Ms. Krueger contends that the ALJ erred by: (1) failing to give clear and convincing reasons in finding Ms. Krueger not credible; (2) improperly evaluating the third party testimony and statement of Richard Burkett; (3) failing to include all the limitations given by the consultative examining physician, Dr. Komanapalli; and (4) failing to sufficiently discuss how Ms. Krueger's residual functional capacity ("RFC") is supported by substantial evidence.

3

**I.     The ALJ Gave Clear and Convincing Reasons to Find Ms. Krueger Not Credible**

  **A.** *Legal Standard for Discounting Subjective Complaints*

"In deciding whether to accept a claimant's subjective symptom testimony, 'an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms.'" *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996) (footnote omitted) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A)(1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen*, 80 F.3d at 1282 (italics in original).

If there is no affirmative evidence to suggest that a claimant is malingering, the ALJ must present clear and convincing reasons to discredit the claimant's allegations. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Id.* at 724. If an ALJ notes at least "arguably germane reasons for dismissing" testimony, "even if he did not clearly link his determination to those reasons" then the ALJ's decision is supported by substantial evidence. *Lewis v. Apfel,* 236 F.3d 503, 511–12 (9th Cir. 2001). Inconsistency between the medical record and claimant's subjective testimony is a sufficient basis for rejecting the claimant's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2007) (*citing Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

**B.** *The ALJ Provided Clear and Convincing Reasons to Discredit Ms. Krueger*

The ALJ presented clear and convincing reasons to discredit Ms. Krueger's allegations of the severity of her symptoms. The ALJ stated that Ms. Krueger's allegations are not supported by the medical evidence on the record.[2] AR 45. Ms. Krueger testified that she has always had problems with her back, and that standing for long periods of time causes sharp pains in her back. AR 44. She testified that she can walk for less than one-half mile. AR 44. Ms. Krueger alleged that she could stand less than one-half hour, and cannot lean or reach forward when sitting, needing to have her back at an angle. AR 44–45. The ALJ noted that this testimony is at odds with Dr. Komanapalli's examination report, which states that Ms. Krueger told the doctor that she spends half of the day on her feet, is able to clean her own home, and is able to drive and travel. AR 45. Dr. Komanapalli observed that Ms. Krueger was in no apparent distress. AR 45. Ms. Krueger was easily able to transfer from the chair to the examination table, sit comfortably, remove her shoes and walk to the examination room without difficulty or assistive device. AR 45. Although Ms. Krueger alleged dull, chronic pain in her lower back, the ALJ noted that Ms. Krueger takes no medication for her pain and receives no treatment. AR 46. The medical evidence does not support her allegation of severe pain.

The ALJ presented clear and convincing reasons as to why he discredited Ms. Krueger's allegations. He identified that her allegations of severe symptoms were undermined by the medical evidence on the record. The inconsistency between Ms. Krueger's testimony and the medical evidence on the record was a sufficient basis for rejecting her testimony.

---

[2] Although the ALJ states that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functioning capacity assessment," AR 45, the ALJ clearly discredits Ms. Krueger's testimony because it is inconsistent with the medical record, not because it is inconsistent with the RFC. Despite this somewhat backward statement, the ALJ correctly found that Ms. Krueger's allegations of severe symptoms are not credible.

## II. The ALJ Properly Evaluated Third Party Richard Burkett's Testimony

### A. *Legal Standard for Evaluating Third Party Testimony*

If the ALJ wishes to discount the testimony of a lay witness, he must give reasons that are germane to that witness *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Rejection of lay witness statements for the same reasons as the claimant's statements is sufficient where the reason was sufficient and the witness's statements were similar to the claimant's statements. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). If the ALJ provided clear and convincing reasons to discredit the claimant's subjective complaints, and the lay witness's testimony is similar to those complaints, then it follows that the ALJ also gave germane reasons for rejecting the lay witness's testimony. *See id.*

### B. *The ALJ Properly Evaluated Mr. Burkett's Testimony and Statements*

Mr. Burkett's testimony was similar to the testimony of Ms. Krueger, which the ALJ rejected for clear and convincing reasons. After describing Ms. Krueger's allegations, the ALJ accurately summarized Mr. Burkett's testimony, which repeated Ms. Krueger's allegations that she has trouble standing for long periods of time and can occasionally sit and lean forward. AR 45. The ALJ gave clear and convincing reasons for rejecting Ms. Krueger's allegations of severe symptoms, as discussed above, and referred again to Mr. Burkett's testimony when he declared that, "the statements of the claimant and her witness are afforded weight to the extent that they are consistent with the residual functional capacity."[3] AR 46.

## III. The ALJ Included All Limitations Given By Doctor Komanapalli

The ALJ included all limitations given by Dr. Komanapalli in determining Ms. Krueger's RFC. Dr. Komanapalli estimated that Ms. Krueger's ability to sit is less than six hours in an

---

[3] As noted in footnote 2, the ALJ misspeaks when he says that the testimony is afforded weight to the extent it is consistent with the RFC. The ALJ based his RFC finding on the medical evidence in the record after discrediting the testimony of Ms. Krueger and Mr. Burkett.

eight-hour workday. AR 46. "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about two hours of an eight-hour workday." SSR 96-9p. A claimant does not need to be able to sit for a minimum of precisely six hours to perform sedentary work. Sitting should "generally" total "approximately" six hours. SSR 96-9p. Sitting for less than six hours can rationally be interpreted as sitting for close to six hours, which falls within the regulatory definition of sedentary.

The ALJ's finding that Ms. Krueger could perform sedentary work is based on a rational interpretation of Dr. Komanapalli's opinion, and is entitled to deference. *Tommasetti*, 533 F.3d at 1038. Furthermore, the ALJ's interpretation of the regulations and his ruling that sedentary work does not invariably require the ability to sit for a precise minimum of six hours in an eight-hour workday is entitled to deference. *See Barnhart v. Walton*, 535 U.S. 212, 217–18 (2002).

### IV.     The ALJ Sufficiently Discussed the Substantial Evidence Supporting the RFC

The ALJ sufficiently discussed how Ms. Krueger's RFC is supported by substantial evidence. The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-p. The ALJ determined that there was an underlying medically determinable physical impairment, relying on the medical evidence on record which was "on the whole consistent and therefore afforded similar weight throughout."[4] AR 46. The ALJ drew comparisons between the medical record and Ms. Krueger and Mr. Burkett's testimonies to determine the extent that claimant's

---

[4] Any lack of discussion regarding the state doctors' specific findings is a harmless error since their findings were slightly more restrictive than Dr. Komanapalli's estimations. Any over-inclusion of debilitating factors in the RFC assessment resulting from disregard of a doctor's opinion is not a ground for reversal of the ALJ's decision. *See Johnson*, 60 F.3d at 1436 n.9. This is a harmless error because it was inconsequential to the ultimate nondisability determination. *See id.*; *Tommasetti*, 533 F.3d at 1038.

symptoms affect her ability to do basic work activities. AR 45–46. Based on these findings, the ALJ determined Ms. Krueger's RFC. AR 44–46. In his three pages discussing his RFC determination, the ALJ sufficiently discussed the substantial evidence supporting his finding.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence. Therefore, I AFFIRM the Commissioner's decision, and Ms. Krueger's appeal is DISMISSED.

IT IS SO ORDERED.

DATED this __8th__ day of August, 2011.

>                                        /s/ Michael W. Mosman____
>                                        MICHAEL W. MOSMAN
>                                        United States District Court